J-S39036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MAURICE JERMAINE HAGWOOD, | : | |
| | : | |
| Appellant | : | No. 199 EDA 2015 |

Appeal from the Order entered on December 10, 2014
in the Court of Common Pleas of Montgomery County,
Criminal Division, No. CP-46-CR-0003130-2006

BEFORE: BOWES, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                        **FILED JULY 07, 2015**

Maurice Jermaine Hagwood ("Hagwood") appeals from the Order dismissing his Petition for *habeas corpus ad subjiciendum* ("Petition").[1] We affirm.

In 2007, a jury convicted Hagwood on counts of possession with intent to deliver, possession of a controlled substance for personal use, persons not

---

[1] It is well-settled that any petition filed after the judgment of sentence becomes final will be treated as a petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. ***Commonwealth v. Jackson***, 30 A.3d 516, 521 (Pa. Super. 2011). Further, the PCRA subsumes the remedy of *habeas corpus* where the PCRA provides a remedy for the claim. ***See Commonwealth v. Turner***, 80 A.3d 754, 770 (Pa. 2013); 42 Pa.C.S.A. § 9542 (providing that "[t]he action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exists when this subchapter takes effect, including *habeas corpus*."). In his Petition, Hagwood challenges the legality of his sentence and ineffective assistance of counsel. Because Hagwood filed his Petition after his judgment of sentence became final, and the PCRA provides a remedy for his claims, the Petition is properly treated as a PCRA Petition.

to possess a firearm, and firearms not to be carried without a license.[2] The trial court sentenced Hagwood to an aggregate prison term of ten years and fifteen days to twenty years and thirty days. This Court affirmed the judgment of sentence, after which the Pennsylvania Supreme Court denied the allowance of appeal. *See Commonwealth v. Hagwood*, 976 A.2d 1203 (Pa. Super. 2009) (unpublished memorandum), *appeal denied*, 990 A.2d 728 (Pa. 2010).

In February 2011, Hagwood filed his first PCRA Petition which the PCRA court denied. This Court affirmed the PCRA court's denial. *See Commonwealth v. Hagwood*, 55 A.3d 148 (Pa. Super. 2012) (unpublished memorandum).

In 2012, Hagwood filed a Motion for reconsideration/reduction of sentence, which the PCRA court treated as Hagwood's second PCRA Petition. The PCRA court denied the Petition.

Hagwood filed the instant Petition in October 2014. The PCRA court addressed the Petition under the PCRA, and dismissed the Petition as untimely.

Our standard of review regarding a PCRA court's dismissal of a PCRA petition is whether the PCRA court's decision is supported by the evidence of record and is free of legal error. *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa. Super. 2011).

---

[2] The jury initially deadlocked on the firearms charges. As a result, a second jury trial was held, after which Hagwood was found guilty.

Initially, we observe that all PCRA petitions, including second or subsequent petitions, must be filed within one year of the defendant's judgment of sentence becoming final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." *Id*. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

In this case, Hagwood's judgment of sentence became final on May 26, 2010, after the time to seek review with the United States Supreme Court had expired. ***See*** Sup. Ct. R. 13 (allowing ninety days to petition for a writ of *certiorari*). Accordingly, Hagwood had until May 26, 2011, to file a timely PCRA petition. Thus, Hagwood's October 2014 Petition is facially untimely under the PCRA.

However, Pennsylvania courts may consider an untimely petition where the defendant can explicitly plead and prove one of three exceptions set forth in the PCRA as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1).  Additionally, any PCRA petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id*. § 9545(b)(2); *Albrecht*, 994 A.2d at 1094.

Here, Hagwood invokes the newly recognized constitutional right exception, under section 9545(b)(1)(iii).  Brief for Appellant at 9.  Hagwood argues that the United States Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), rendered his sentence illegal.  Brief for Appellant at 14.  The *Alleyne* Court held that any fact that increases the mandatory minimum sentence for a crime is an element that must be submitted to the jury and found beyond a reasonable doubt.  *Alleyne*, 133 S. Ct. at 2155, 2163.

Here, Hagwood failed to file his Petition within 60 days of the date on which the Supreme Court issued the *Alleyne* decision.  *See Commonwealth v. Cintora*, 69 A.3d 759, 763 (Pa. Super. 2013) (stating that to fulfill the 60-day requirement, defendants need to file their petitions within 60 days from the date of the court's decision).  Moreover, *Alleyne* is not retroactive to cases where the judgment of sentence was final.  *See*

*Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014) (stating that neither the Pennsylvania Supreme Court nor the United States Supreme Court has held that **Alleyne** is to be applied retroactively to cases in which the judgment of sentence has become final); *see also id.* (stating that while **Alleyne** raises a legality of sentence challenge, courts cannot review a legality claim where it does not have jurisdiction). Thus, Hagwood's Petition fails to satisfy the statutory exception at section § 9545(b)(1)(iii).[3]

Hagwood also argues that his Petition was timely since the United States Supreme Court published **Alleyne** during the pendency of his federal *habeas corpus* Petition. However, this assertion does not trigger any of the statutory exceptions to the PCRA timeliness requirements. Additionally, Hagwood's claims regarding ineffective assistance of counsel do not implicate any timeliness exceptions. *See Commonwealth v. Breakiron*, 781 A.2d 94, 97 (Pa. 2001). Accordingly, the PCRA court properly dismissed the Petition.

Order affirmed.

---

[3] Hagwood asserts he is entitled to relief under **Commonwealth v. Newman**, 99 A.3d 86, 90 (Pa. Super. 2014), **Commonwealth v. Munday**, 78 A.3d 661, 666 (Pa. Super. 2013), and **Commonwealth v. Whatley**, 81 A.3d 108, 116 (Pa. Super. 2013). Brief for Appellant at 14-16. However, these decisions were not decided by the Pennsylvania Supreme Court or the United States Supreme Court, and did not announce a new constitutional right that applies retroactively as required by section § 9545(b)(1)(iii).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/7/2015